UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JILLIAN BLENIS and LILI MITCHELL, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>THINX INC.,<br><br>               Defendant. | Civil Action No.   1:21-cv-11019-IT |

**DEFENDANT THINX INC.'S MOTION TO DISMISS OR STAY
AND MEMORANDUM OF REASONS IN SUPPORT**

**[ORAL ARGUMENT REQUESTED]**

1

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ........................................................................................5
II. RELEVANT BACKGROUND .........................................................................................5
    A. California Consumers File a Nationwide Class Action Against Thinx ...................5
    B. Plaintiffs File a Copycat Class Action Seven Months Later...................................7
III. LEGAL STANDARD........................................................................................................7
IV. ARGUMENT .....................................................................................................................9
    A. This Action Should Be Dismissed Because it Is Duplicative of the First-Filed California Action ..........................................................................................9
        1. This action was filed seven months after the California action ...................9
        2. This action and the California action involve substantially similar parties ...........................................................................................................9
        3. This action and the California action involve substantially similar issues that turn on identical factual contentions and disputes....................10
    B. Alternatively, this Case Should Be Stayed Pending the Final Disposition of the California Action ..........................................................................................13
V. CONCLUSION................................................................................................................16

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alltrade, Inc. v. Uniweld Prod., Inc.*,
    946 F.2d 622 (9th Cir. 1991) ................................................................................................8

*Bowlby v. Carter Mfg. Corp.*,
    138 F. Supp. 2d 182 (D. Mass. 2001) ..................................................................................14

*Clinton v. Jones*,
    520 U.S. 681 (1997)..............................................................................................................13

*Dunkin' Donuts Franchised Rests. LLC v. Wometco Donas Inc.*,
    53 F. Supp. 3d 221 (D. Mass. 2014) ....................................................................................8

*EMC Corp. v. Parallel Iron, LLC*,
    914 F. Supp. 2d 125 (D. Mass. 2012) ..................................................................................8

*Fuller v. Abercrombie & Fitch Stores, Inc.*,
    370 F. Supp. 2d 686 (E.D. Tenn. 2005) ................................................................................9

*Jimenez v. Kohl's Dep't Stores, Inc.*,
    480 F. Supp. 3d 305 (D. Mass 2020) ....................................................................................8

*Klein v. MHM Corr. Servs.*,
    No. 08-11814-MLW, 2010 WL 3245291 (D. Mass. Aug. 16, 2010) ....................................13

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)........................................................................................................13, 14

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982) ..................................................................................................14

*Palagano v. NVIDIA Corp.*,
    No. 15-1248, 2015 WL 5025469 (E.D. Pa. Aug. 25, 2015) ..................................................8

*Peak v. Green Tree Fin. Servicing Corp.*,
    No. C 00-0953 SC, 2000 WL 973685 (N.D. Cal. July 7, 2000)............................................10

*Pride v. Correa*,
    719 F.3d 1130 (9th Cir. 2013) ..............................................................................................11

*Qi Wang v. Valeika*,
    No. 18-cv-02666-EMC, 2018 WL 4441106 (N.D. Cal. Sept. 14, 2008)............................9, 11

*Taunton Gardens Co. v. Hills*,
 557 F.2d 877 (1st Cir. 1977) ................................................................................... 13, 14

*In re Telebrands Corp.*,
 773 Fed. App'x 600 (Fed. Cir. 2016) ................................................................................ 8

*Thakkar v. United States*,
 389 F. Supp. 3d 160 (D. Mass. 2019) ................................................................. 7, 9, 10, 11

*TPM Holdings v. Intra-Gold Indus.*,
 91 F.3d 1 (1st Cir. 1996) ............................................................................................. 7, 8, 13

*Waithaka v. Amazon, Inc.*,
 404 F. Supp. 3d 335 (D. Mass. 2019) ............................................................................. 8, 9

*Wiley v. Gerber Prods. Co.*,
 667 F. Supp. 2d 171 (D. Mass. 2009) ............................................................................. 8, 12

**Statutes**

California Consumers Legal Remedies Act (Civil Code §§ 1750, *et seq.*) ...................................... 7

California False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq.*) ................................ 7

California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) ........................... 7

Implied Warranties and Song-Beverly Consumer Warranty Act ....................................................... 7

Massachusetts General Law c. 93A ........................................................................................................ 7

I.  **PRELIMINARY STATEMENT**

This copycat class action against Defendant Thinx Inc. must be dismissed or stayed in light of the first-filed *Haleh Allahverdi, et al. v. Thinx Inc.*, Case No. 2:20-cv-10341-JVS-JPR, pending in the United States District Court for the Central District of California.  The two cases are premised on near-verbatim factual allegations and fundamentally identical claims.  Plaintiffs in both cases assert false advertising claims pertaining to Thinx period underwear, claiming that Thinx misled consumers into believing that the underwear is a safe, alternative menstrual hygiene product and falsely labeled certain underwear styles as "organic."  Indeed, the same counsel represent both sets of Plaintiffs (though this case did not start out that way).  And the putative Massachusetts class Plaintiffs in this action seek to represent is entirely subsumed by the proposed nationwide class in the California action.  Any minor differences are overwhelmed by the complete identity of factual allegations and theories of harm in the two cases.

In these circumstances, the federal comity doctrine and the first-to-file rule support dismissal of this action.  If this action proceeds, this Court—and ultimately the finder of fact—will repeatedly be asked to decide similar, if not identical, substantive issues to those before the California court, and discovery, as well as discovery disputes, will be equally duplicative.  This duplication of effort would expose Thinx to unnecessary burden and expense, waste judicial resources, and risk inconsistent rulings across two courts.  For all these reasons, Plaintiffs' second-filed action in this Court should be dismissed.  In the alternative, if the Court is not inclined to dismiss this action outright, it should stay all further proceedings pending resolution of the first-filed California action.  Each of the reasons supporting dismissal under comity principles also strongly favors a stay.

Accordingly, Thinx respectfully requests that the Court dismiss or stay Plaintiffs' copycat class action.

II. **RELEVANT BACKGROUND**

    A.  **California Consumers File a Nationwide Class Action Against Thinx**

On November 12, 2020, plaintiff Destini Kanan filed a class action lawsuit against Thinx

in the Central District of California. She amended her complaint on March 16, 2021, adding Haley Burgess as a named plaintiff. The California plaintiffs allege that Thinx misrepresents the true nature of its period underwear by: (1) representing that the underwear is free of harmful chemicals despite the presence of short-chain PFAS[1] and silver nanoparticles; (2) representing that Thinx cotton underwear is "organic," despite its inclusion of non-organic cotton, PFAS chemicals, and other non-conforming ingredients; and (3) representing that its Agion® treatment has qualities that it does not possess. (California ECF No. 29.) The California plaintiffs seek to represent a nationwide class of all persons who purchased Thinx period underwear. (*Id.*)

On April 15, 2021, Thinx filed a motion to dismiss, which the California district court granted in part and denied in part on June 23. (California ECF Nos. 38, 46.) The court dismissed the plaintiffs' injunctive relief, implied warranty, and negligent failure to warn claims, with leave to amend. The plaintiffs declined to further amend the first amended complaint and Thinx answered on July 21. (California ECF No. 54.)

On September 23, Plaintiff Haley Burgess filed a second amended complaint removing Ms. Kanan and adding Haleh Allahverdi as a named plaintiff. (California ECF No. 60.) The California plaintiffs' factual and class allegations otherwise remained the same (though they removed the dismissed injunctive relief, implied warranty, and negligent failure to warn claims). (*Compare* California ECF Nos. 29 *and* 60.)[2] The court has already issued a scheduling order setting key case deadlines, including for class certification and trial. (Declaration of Purvi G. Patel in Support of Thinx's Motion to Dismiss or Stay ("Patel Decl."), ¶ 5.) Both sides have served discovery, and are meeting and conferring regarding the exchange of priority information and documents. (Patel Decl., ¶ 6.)

---

[1] PFAS stands for per- and polyfluoroalkyl substances.

[2] Thinx requests that the Court take judicial notice of the original and amended complaints filed in the California action, copies of which are attached as **Exhibits A** ("Complaint"), **B** ("First Amended Complaint"), and **C** ("Second Amended Complaint") to the concurrently filed Request for Judicial Notice ("RJN").

B.     **Plaintiffs File a Copycat Class Action Seven Months Later**

With the motion to dismiss pending in the California action, Plaintiffs filed their complaint on June 18, 2021. (ECF No. 1.) On August 31, Plaintiffs filed an amended complaint adding a claim under Massachusetts General Law c. 93A seeking treble damages. (ECF No. 15.) In the first amended complaint (as in their original complaint), Plaintiffs make the same allegations as those made in the California action that was filed seven months before Plaintiffs filed this action. Indeed, the majority of Plaintiffs' factual allegations are copied essentially verbatim from the California complaint. Plaintiffs' six causes of action also substantially overlap with the claims in the California action:

| This Case | The California Action |
| --- | --- |
| Breach of Express Warranty | Breach of Express Warranty |
| Breach of Implied Warranty | Breach of Implied Warranties and Song-Beverly Consumer Warranty Act (dismissed) |
| (In the Alternative) Unjust Enrichment | (In the Alternative) Unjust Enrichment |
| Negligent Failure to Warn and Negligent Design | Negligent Failure to Warn (dismissed) |
| Consumer Production Claims:<br><br>Massachusetts General Law c. 93A | Consumer Protection Claims:<br><br>California Consumers Legal Remedies Act, (Civil Code §§ 1750, *et seq.*)<br><br>California Unfair Competition Law, (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)<br><br>California False Advertising Law, (Cal. Bus. & Prof. Code § 17500, *et seq.*) |

Although the two actions assert different state consumer protection claims, each claim rests on materially identical factual allegations as well as essentially identical theories of misrepresentation and omission.

III.   **LEGAL STANDARD**

Under the first-to-file rule, "where the overlap between two suits is 'nearly complete[,]' the usual practice is for the court where the case was first filed to resolve the issues, and the other court to defer by either staying, transferring, or dismissing the action." *Thakkar v. United States*, 389 F. Supp. 3d 160, 170 (D. Mass. 2019) (quoting *TPM Holdings v. Intra-Gold Indus.*, 91 F.3d

1, 4 (1st Cir. 1996)) (alteration in original).  The first-to-file doctrine exists to promote judicial efficiency and to avoid duplicative litigation.  *EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 127 (D. Mass. 2012).  It "stands for the common sense proposition that, when two cases are the same or very similar, efficiency concerns dictate that only one court decide both cases."  *In re Telebrands Corp.*, 773 Fed. App'x 600, 602 (Fed. Cir. 2016).  Indeed, the first-to-file rule is designed to prevent "wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs."  *TPM*, 91 F.3d at 4.

When deciding whether to apply the first-filed rule, courts must consider: (1) which action was filed first; (2) the similarity of the parties; and (3) the similarity of the issues.  *Waithaka v. Amazon, Inc.*, 404 F. Supp. 3d 335, 350 (D. Mass. 2019) (citing *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).  This test, however, should not "be applied in a mechanical way."  *EMC Corp.*, 914 F. Supp. 2d at 127.  Instead, courts should "assess[] the appropriateness of the first-filed rule . . . without reference to rigid requirements regarding similarities between parties and claims."  *Jimenez v. Kohl's Dep't Stores, Inc.*, 480 F. Supp. 3d 305, 306 (D. Mass 2020) (citing *Palagano v. NVIDIA Corp.*, No. 15-1248, 2015 WL 5025469, at *2 (E.D. Pa. Aug. 25, 2015)).

In class actions, for example, "the settlement process can be complicated and made burdensome, and even frustrated, if two courts are attempting to deal with" the same subject matter.  *Waithaka*, 404 F. Supp. 3d at 350 (citations and internal quotation marks omitted).  Thus, courts will weigh efficiency considerations "even if the claims in two separate class actions do not involve identical parties."  *Id*.  Similarly, it suffices if the issues in two cases are "substantially similar[.]"  *Dunkin' Donuts Franchised Rests. LLC v. Wometco Donas Inc.*, 53 F. Supp. 3d 221, 233 (D. Mass. 2014) (citing *Wiley v. Gerber Prods. Co.*, 667 F. Supp. 2d 171, 173 n.1 (D. Mass. 2009)).

**IV.     ARGUMENT**

This Court has broad discretion to dismiss or stay this case pending resolution of the first-filed California action. The first-to-file rule and judicial economy both weigh overwhelmingly in favor of dismissing or staying this case. Moreover, given the near complete overlap in alleged facts and substantial overlap in legal theory, the Court should dismiss or stay this case to avoid the risk of conflicting rulings and prejudice to Thinx. There is little reason for this case to proceed, particularly because Plaintiffs and the proposed class are Massachusetts residents entirely subsumed in the nationwide class proposed in the California action.

**A.     This Action Should Be Dismissed Because it Is Duplicative of the First-Filed California Action**

Under the doctrine of federal comity, the relevant factors are met here: (1) the California action predates this action by seven months and the Central District of California assumed jurisdiction first; (2) the California plaintiffs seek to represent a nationwide class (of which Plaintiffs are members) and sued the same defendant, Thinx; and (3) the issues are substantially similar, seeking relief under similar legal claims that turn on identical facts.

**1.     This action was filed seven months after the California action**

The California action was filed on November 12, 2020. (California ECF No. 1.) Plaintiffs filed this action seven months later on June 18, 2021. (ECF No. 1.) There is no question this case is the second-filed action.

**2.     This action and the California action involve substantially similar parties**

The first-to-file rule requires similar parties, not identical ones. *Waithaka*, 404 F. Supp. 3d at 351. In a class action, courts compare the classes rather than the representative plaintiffs. *Thakkar*, 389 F. Supp. 3d at 172 (quoting *Qi Wang v. Valeika*, No. 18-cv-02666-EMC, 2018 WL 4441106, at *5 (N.D. Cal. Sept. 14, 2008). For instance, in *Thakker*, the court concluded that the parties were substantially similar where the named plaintiffs in the later-filed class action met the class definition of the first-filed action. (*Id.* at 173.) In other words, parties are "substantially similar" where, as here, the putative class in the later action is subsumed

within the larger, nationwide class proposed in the first-filed action. *See Waithaka*, 404 F.Supp.3d at 351 (finding Massachusetts class substantially similar because it was subsumed by nationwide class in first-filed action); *see also Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686 (E.D. Tenn. 2005) (applying the first-to-file rule even though the named plaintiffs were different where both actions sought to certify the same collective classes); *Peak v. Green Tree Fin. Servicing Corp.*, No. C 00-0953 SC, 2000 WL 973685, at *2-3 (N.D. Cal. July 7, 2000) (dismissing second-filed action brought on behalf of identical class).

Here, Plaintiffs cannot dispute that the parties to the two actions are substantially the same. The defendant in the two actions is identical. Plaintiffs and the proposed class of "all persons residing in the Commonwealth of Massachusetts who purchased Thinx Underwear" (FAC ¶ 133)[3] are entirely subsumed within the putative class in the California action of "all persons residing in the United States who purchased Thinx Underwear" (RJN, Ex. C, preamble ("Class Allegations")). While the two complaints are brought by different named plaintiffs, that is a distinction without a difference. The California plaintiffs allege that their claims are "typical in that Plaintiffs, like all Class Members, purchased the Thinx Underwear that were designed, manufactured, marketed, advertised, distributed, and sold by Defendant." (RJN, Ex. C, ¶ 118.) The phrase "like all Class Members" includes, by definition, Plaintiffs in this case and the putative Massachusetts class. (RJN, Ex. C, ¶¶ 118-119 (alleging legal and factual questions "common" to California plaintiffs and absent class members).) Further, the same counsel represent Plaintiffs in both actions. For these reasons, the two actions involve substantially similar parties, which weighs in favor of dismissal under the first-to-file rule.

        3.      **This action and the California action involve substantially similar issues that turn on identical factual contentions and disputes**

Absolute overlap of the substantive claims is not required under the first-to-file rule. Rather, substantial similarity between the claims is sufficient. *See, e.g.*, *Thakkar*, 389 F. Supp. 3d at 174 (applying substantial similarity standard). To determine if issues are

---

[3] There is a typographical error in FAC; it includes two paragraphs numbered 133. Thinx here references the paragraph under the heading "Class Action Allegations."

10

substantially similar, courts compare the fundamental challenge in the plaintiff's complaint and in the first-filed action. *Thakkar*, 389 F. Supp. 3d at 173-74 (finding two actions substantially similar despite the presence of "various additional claims" because they "at base" made the same fundamental challenge) (citing *Pride v. Correa*, 719 F.3d 1130, 1134 (9th Cir. 2013)). Courts also examine whether the plaintiff's case and the first-filed action turn on similar determinations of fact and seek to resolve similar legal issues. *Id.* at 174 (citing *Wang*, 2018 WL 4441106, at *6). Here, the two operative complaints are substantially similar in all material respects.

The complaints in this case and the California action are for all practical purposes mirror images of one another, and there is near perfect overlap in the gravamen of the complaints, the products at issue, the alleged harm, and the relief requested:

| This Case | The California Action |
|---|---|
| **Products at Issue** | |
| Thinx Cotton Brief, Cotton Bikini, Cotton Thong, Sport, Hiphugger, Hi-Waist, Boyshort, French Cut, Cheeky, and Thong ("Thinx Underwear"). (FAC ¶ 1) | Thinx Cotton Brief, Cotton Bikini, Cotton Thong, Sport, Hiphugger, Hi-Waist, Boyshort, French Cut, Cheeky, and Thong ("Thinx Underwear"). (RJN, Ex. C, ¶ 1) |
| **Gravamen of Complaint** | |
| Thinx has knowingly misrepresented its products as safe, environmentally friendly products when in fact (1) Thinx period underwear contain harmful short-chain PFAS; (2) Thinx's period underwear are misrepresented as "organic"; and (3) Thinx's representation that its Agion® treatment is non-migratory is "untrue and misleading." | Thinx has knowingly misrepresented its products as safe, environmentally friendly products when in fact (1) Thinx period underwear contain harmful short-chain PFAS; (2) Thinx's period underwear are misrepresented as "organic"; and (3) Thinx's representation that its Agion® treatment is non-migratory is "untrue and misleading." |
| **Alleged Harm** | |
| "[I]f Thinx had disclosed to Plaintiffs . . . that Thinx Underwear contained harmful chemicals, such as PFAS, Plaintiffs and putative Class Members would not have purchased Thinx Underwear or would have had paid less." (FAC ¶ 8) | "[I]f Thinx had disclosed to Plaintiffs . . . that Thinx Underwear contained harmful chemicals, such as PFAS, Plaintiffs and putative Class Members would not have purchased Thinx Underwear or would have had paid less." (RJN, Ex. C, ¶ 8) |

11

| This Case | The California Action |
|---|---|
| **Putative Classes** ||
| "During the maximum period permitted by law, all persons residing in the Commonwealth of Massachusetts who purchased Thinx Underwear."<br><br>(FAC ¶ 133)[4] | "During the maximum period permitted by law, all persons residing in the United States who purchased Thinx Underwear."<br><br>"During the maximum period permitted by law, all persons residing in the State of California who purchased Thinx Underwear."<br><br>(RJN, Ex. C, preamble "Class Action Allegations")) |
| **Relief Requested** ||
| "Plaintiffs seek damages and equitable remedies for themselves, and for the putative class."<br><br>(FAC ¶ 1) | "Plaintiffs seeks damages and equitable remedies for themselves, and for the putative class."<br><br>(RJN, Ex. C, ¶ 1) |

The claims in both actions rest on the same legal contention that Thinx misled consumers as to exactly the same issues, and Plaintiffs in this action assert and rely on identical factual allegations from the California action. Indeed, Plaintiffs copied, verbatim, almost the entirety of the First Amended Complaint in the California action (which the California plaintiffs largely preserved when they filed their Second Amended Complaint). *See, Wiley*, 667 F.Supp.2d at 172 ("The complaint in this case tracks, virtually verbatim, statements form the complaint in [the first] action."). For instance, in their Factual Allegations, all of Plaintiffs' subheadings are identical to those in the California FAC and SAC:

- Plaintiffs' Testing;
- PFAS Chemicals;
- Silver and Silver Copper Nanoparticles;
- Thinx Underwear Is Not Organic;
- Defendant's . . . Material Misrepresentations;
- Thinx's Misrepresentations and Omissions are Material To Reasonable Consumers.

(FAC at pp. 9, 12, 15, 20, and 28 *compare with* RJN, Ex. C at pp. 10, 11, 13, 15, 17, and 24.)

---

[4] Again, Thinx here references the paragraph under the heading "Class Action Allegations."

Similarly, both actions assert nearly identical "common legal or factual questions" that will require court resolution. (*Compare* FAC ¶ 150 *with* RJN, Ex. C, ¶ 119.) Because of the overlapping factual issues and legal theories raised by the California action, allowing this case to proceed will present a risk of inconsistent rulings. Indeed, this Court may issue decisions at the motion to dismiss, class certification, or summary judgment stages that conflict with the California district court's decisions. Moreover, this case will require a significant amount of work that will be needlessly duplicated as the Court will likely expend time and effort in conducting case management conferences, addressing discovery and disclosure issues, and making rulings on various pretrial matters that are simultaneously proceeding in the California action.

In sum, allowing Plaintiffs to prosecute this action would risk inconsistent judgments, waste judicial resources, and unfairly burden Thinx by requiring it to defend the same claims in two forums. By contrast, Plaintiffs will suffer no prejudice by dismissal of their FAC because they are part of the proposed nationwide class in the California action. Accordingly, Thinx respectfully requests that the Court dismiss Plaintiffs' FAC.

      **B.**    **Alternatively, this Case Should Be Stayed Pending the Final Disposition of the California Action**

The doctrine of federal comity also allows district courts to stay an action when similar complaints are pending in another federal court. *TPM,* 91 F.3d at 4. A district court has the inherent power to control and manage its docket, including by staying proceedings before it. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (This discretion is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Courts have "broad discretion to stay cases, provided that the length of stay is reasonable and accounts for the competing interests of the parties." *Klein v. MHM Corr. Servs.*, No. 08-11814-MLW, 2010 WL 3245291, at *9, at *27 (D. Mass. Aug. 16, 2010) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Courts may stay an action even if the first-filed action would not "dispose of all of the questions involved"

because it "would certainly narrow the issues in the pending cas[e] and assist in the determination of the questions of law involved.'" *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977) (quoting *Landis*, 299 U.S. at 253-54). The Supreme Court has further instructed courts to consider the public interest, the court's interest in efficiency, and the "interest of justice" in determining whether a stay is appropriate. *Id.* (quoting *Landis*, 299 U.S. at 255).

***First,*** the interests of justice warrant a stay. The resolution of the California action will likely resolve the legal and factual issues in this action because both actions involve similar and overlapping causes of action and purported classes. There is no need for two federal courts to tackle these issues simultaneously. Given the high likelihood that the issues in this action will be resolved or simplified following disposition of the California action, it would be inefficient to invest time and resources in this action before the resolution of the first-filed California action.

***Second***, staying this action will promote judicial economy by preventing the Court and the parties from unnecessarily expending limited resources. Considerations of judicial economy highlight the appropriateness of this Court granting a stay where a substantially similar earlier-filed action can adjudicate (and is adjudicating) claims that are likely to narrow the issues in this case. *See Taunton*, 557 F.2d at 879. Therefore, declining to exercise jurisdiction is proper where, as here, "no purpose would be served by proceeding with a [duplicative] action" in a concurrent jurisdiction. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (affirming district court's decision not to exercise jurisdiction in light of duplicative proceedings in another court); *see also Bowlby v. Carter Mfg. Corp.*, 138 F. Supp. 2d 182, 188 (D. Mass. 2001) (staying entire case in part because "judicial economy supports resolving this dispute in a single forum").

***Third***, a stay also serves the public interest. Plaintiffs have no need to litigate in this Court given that they allege nationwide conduct, and neither this Court nor the state of Massachusetts has any unique interest in adjudicating the claims. Further, the Court will conserve judicial resources by awaiting resolution from the Central District of California on case-determining issues, including class certification and summary judgment. If classes are

certified in both cases, the proposed Massachusetts class in this case may receive inconsistent and contradictory class notices.  Moreover, this duplicative action may potentially interfere with settlement discussions that, if successful, will serve the public interest by reducing the burden on this Court.

*Finally,* a stay will not prejudice Plaintiffs.  Plaintiffs' claims are substantially similar to those in the California action, rest on resolution of the same factual disputes, and dispositive issues in this case will unquestionably be addressed in the California action.  Once that occurs, the Court and parties can determine the most efficient course of action, if any, to take in this case.  Moreover, as discussed above, Plaintiffs cannot reasonably argue that their interests are not protected under the putative nationwide class in the California action given that they are represented by the same counsel as the California plaintiffs.  This Court should exercise its discretion to stay this action pending the resolution of the California action.

Thinx, on the other hand, will be prejudiced if this case is not stayed.  Discovery is already underway in the California action, and the district court has already set a case schedule, including dates for class certification and trial.  (Patel Decl., ¶¶ 5-6.)  Thus, there is a heightened risk that litigating this case in parallel could result in conflicting discovery rulings and waste judicial resources.  Indeed, Thinx's undue burden is evident because without a stay, Thinx will be forced to litigate identical legal and factual questions, respond to overlapping discovery, and engage in duplicative motion practice, all the while risking inconsistent court rulings.  The cost associated with litigating in multiple jurisdictions is substantial.  Furthermore, given the identical factual allegations, the same Thinx employees will likely be involved in the litigation, and the burden on them to testify as witnesses in depositions and in trial will be unnecessarily multiplied.

If this case is permitted to proceed, there is significant risk that this Court and the California district court may issue conflicting rulings on discovery matters, dispositive motions, and other pre-trial and trial issues.  The potential for conflict is significant here given that the allegations are the same and relief sought is substantially similar.  Thinx faces the very real

prospect of inconsistent rulings and being unable to comply with possible competing obligations of multiple courts, thereby compounding the risk and potential prejudice to Thinx.

## V. CONCLUSION

For the foregoing reasons, Thinx respectfully requests that the Court dismiss this action, and alternatively requests that this action be stayed pending the final disposition of the California action.

Dated: September 30, 2021

Respectfully submitted,

MORRISON & FOERSTER LLP

By: */s/ Purvi G. Patel*
Purvi G. Patel (*pro hac vice*)
Megan L. Whipp (*pro hac vice*)
Prabhjyot K. Singh (*pro hac vice*)
MORRISON & FOERSTER LLP
707 Wilshire Blvd.
Los Angeles, California 90017
(213) 892-5200
PPatel@mofo.com
MWhipp@mofo.com
PSingh@mofo.com

Julie O'Neill (BBO No. 645880)
MORRISON & FOERSTER LLP
200 Clarendon Street
Boston, Massachusetts 02116
(617) 648-4731
JONeill@mofo.com

***Attorneys for Defendant Thinx Inc.***

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendant Thinx Inc. respectfully requests oral argument on this motion. Oral argument would enable Thinx to address any questions that the Court may have regarding arguments raised by the parties in their briefing.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify pursuant to Local Rule 7.1(a)(2) that counsel for Defendant Thinx Inc. met and conferred with counsel for Plaintiffs on numerous occasions via telephone and email in

an attempt to resolve the issue presented by this motion. Most recently on September 23, 2021, counsel for Thinx met and conferred with Plaintiffs' counsel Erin J. Ruben and Harper Segui regarding the relief requested in this motion, but the parties were unable to reach an agreement regarding this motion.

*/s/ Purvi G. Patel*
Purvi G. Patel
**Attorney for Defendant Thinx Inc.**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of September, 2021, this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(C).

                                              */s/  Purvi G. Patel*
                                                Purvi G. Patel
                                        ***Attorney for Defendant Thinx Inc.***